IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK ANTHONY LITTLEBEAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0645-CVE-TLW |
| | ) | |
| MIKE MULLIN , Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 7) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2008-1539. See Dkt. # 1. The record reflects that on July 10, 2008, the state district judge found Petitioner guilty after accepting his pleas of guilty to Assault and Battery Domestic by Strangulation (Count 1), Interference with Emergency Phone Call (Count 2), and Assault with a Dangerous Weapon (Count 3). See Dkt. # 6, Ex. 1. He was sentenced that day to eighteen (18) years imprisonment on Count 1, one year in the county jail on Count 2, and eighteen (18) years imprisonment on Count 3, with the sentences to be served concurrently. Id. Petitioner did not file

a motion to withdraw guilty pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On April 15, 2010, Petitioner filed an application for post-conviction relief requesting an appeal out of time. Id. The state district court denied the application by order filed June 16, 2010. See Dkt. # 6, Ex. 2. Petitioner appealed to the OCCA, and by order filed August 26, 2010, in Case No. PC-2010-616, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 6, Ex. 3.

Petitioner's petition for writ of habeas corpus (Dkt. # 1) was received for filing October 12, 2010. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 5 and 6.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2008-1539, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on July 20, 2008. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on July 21, 2008. See Harris v. Dinwiddie, --- F.3d ---, 2011 WL 1591814, * 6 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after July 21, 2009, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not received for filing until October 12, 2010.[1] Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v.

---

[1] Even if the Court applies the prisoner mailbox rule and credits Petitioner with having "filed" his petition on September 30, 2010, the date he placed his petition in the prison mailing system, see Dkt. # 1 at 10, his petition remains untimely. See Houston v. Lack, 487 U.S. 266 (1988).

Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was not filed until April 15, 2010, or almost nine (9) months after the July 21, 2009, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on September 30, 2010, at the earliest, appears to be untimely.

Petitioner filed a response (Dkt. # 7) objecting to the motion to dismiss. He argues that his petition is not time-barred because he claims to have been denied due process, because claims of "'actual and factual innocence, as well as jurisdictional issues' ... may never be waived and/or barred," and because his attorney "abandoned" him during the ten (10) day period following entry of his guilty plea. Id. The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of

4

extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's unsupported statement that he was "abandoned" by his attorney is insufficient to demonstrate entitlement to equitable tolling. Cf. Miller, 141 F.3d at 978. Significantly, Petitioner waited more than twenty-one (21) months after pleading guilty to seek an appeal out of time. The Court also recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 7. However, Petitioner's conclusory statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978.

In addition, despite pleading guilty to the crimes for which he was convicted, Petitioner now makes an unsupported claim of actual innocence. See Dkt. # 7. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling. This petition is time-barred.

## *CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this case.

**DATED** this 20th day of June, 2011.

					_____
					CLAIRE V. EAGAN, CHIEF JUDGE
					UNITED STATES DISTRICT COURT